Case 4:05-cv-04070-GPM-PMF Document 1-1 Filed 04/05/2005 Page 1 of 17

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FILED
APR 05 2005
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

CHRISTIAN LEGAL SOCIETY CHAPTER AT SOUTHERN ILLINOIS UNIVERSITY SCHOOL OF LAW, a student organization at the Southern Illinois University School of Law, on behalf of itself and its individual members,

Plaintiff,

*v.*

JAMES E. WALKER, in his official capacity as President of Southern Illinois University; PETER C. ALEXANDER, in his official capacity as Dean of Southern Illinois University School of Law; JESSICA J. DAVIS, in her official capacity as Director of Law Student Development; WALTER V. WENDLER, in his official capacity as Chancellor of Southern Illinois University-Carbondale; and JOHN M. DUNN, in his official capacity as Provost and Vice Chancellor of Southern Illinois University-Carbondale,

Defendants.

CIVIL ACTION NO.: 05-4070-JLF

VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

COMES NOW Plaintiff, Christian Legal Society Chapter at Southern Illinois University School of Law, on behalf of itself and its individual members, by and through its undersigned counsel, David O. Edwards, and Gregory S. Baylor, Steven H. Aden, and M. Casey Mattox, Religious Liberty Advocates of the Christian Legal Society, and Benjamin W. Bull and Gary S. McCaleb of the Alliance Defense Fund, and hereby brings the following causes of action against James E. Walker, in his official capacity as

Case 4:05-cv-04070-GPM-PMF Document 1-1 Filed 04/05/2005 Page 2 of 17

President of Southern Illinois University; Peter C. Alexander, in his official capacity as Dean of the Southern Illinois University School of Law; Jessica J. Davis, in her official capacity as Director of Law Student Development; Walter V. Wendler, in his official capacity as Chancellor of Southern Illinois University-Carbondale; and John M. Dunn, in his official capacity as Provost and Vice Chancellor of Southern Illinois University-Carbondale. In support of its claims for relief, Plaintiff alleges and avers as follows:

JURISDICTION AND VENUE

1.1 Plaintiff Christian Legal Society Chapter at Southern Illinois University School of Law brings this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1988 for deprivations of Plaintiff's rights secured by the First and Fourteenth Amendments to the United States Constitution.

1.2 Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), which provide for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. § 1983. Jurisdiction is also conferred on this Court by 28 U.S.C. § 1331 because the cause of action arises under the Constitution and laws of the United States.

1.3 Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because, upon information and belief, the Defendants reside in the Southern District of Illinois and may be found and served in the Southern District of Illinois, and because a substantial part of the events or omissions giving rise to these claims arose in this District.

Case 4:05-cv-04070-GPM-PMF Document 1-1 Filed 04/05/2005 Page 3 of 17

PARTIES

2.1 Plaintiff Christian Legal Society Chapter at Southern Illinois University School of Law ("CLS at SIU") is an unincorporated student organization of the Southern Illinois University School of Law. It is a local chapter of the national organization known as the Christian Legal Society, an IRC 501(c)(3)-qualified religious professional membership organization. CLS at SIU is capable of suing in its own name and has standing to bring this action in its own name and on behalf of its individual members.

2.2 Defendant James E. Walker is the President of Southern Illinois University. He is the chief executive officer of Southern Illinois University. His duties include overall leadership of and responsibility for Southern Illinois University, direction of the activities of the chancellors, and responsibility for the interpretation and application of the policies of the Southern Illinois University Board of Trustees. Defendant Walker is sued in his official capacity.

2.3 Defendant Peter C. Alexander is the Dean of Southern Illinois University School of Law. His duties include ultimate authority for the enforcement, interpretation, and application of university policies and procedures at Southern Illinois University School of Law. Defendant Alexander revoked CLS at SIU's status as a recognized student organization. Defendant Alexander is sued in his official capacity.

2.4 Defendant Jessica J. Davis is the Director of Law Student Development at Southern Illinois University School of Law. Her duties include responsibility for registration of student organizations and oversight of registered student organizations' compliance with university policies. Defendant Davis is sued in her official capacity.

2.5 Defendant Walter V. Wendler is the Chancellor of Southern Illinois University-Carbondale. He is the chief operating officer of Southern Illinois University-Carbondale. His duties include implementation of policies of the Board of Trustees. Defendant Wendler is sued in his official capacity.

2.6 Defendant John M. Dunn is the Provost and Vice-Chancellor of Southern Illinois University-Carbondale. On information and belief, Defendant Dunn ordered, approved, and/or condoned the revocation of registered student organization status for CLS at SIU. Defendant Dunn is sued in his official capacity.

## FACTUAL BACKGROUND

3.1 Christian Legal Society is a nationwide association of Christian lawyers, law students, law professors, and judges. The organization's purposes include providing a means of society, fellowship, and nurture among Christian lawyers; promoting justice, religious liberty, and biblical conflict resolution; encouraging, discipling, and aiding Christian law students; and encouraging lawyers to furnish legal services to the poor. In furtherance of its purposes, the national Christian Legal Society organization maintains both attorney and law student chapters across the country.

3.2 All members of the national Christian Legal Society, including student members, must sign a Statement of Faith indicating that the member holds certain Christian viewpoints commonly regarded in both the Roman Catholic and Protestant evangelical traditions as orthodox. A true and correct copy of the New Member Application which includes the Statement of Faith is attached as Exhibit A.

3.3 CLS at SIU is the local Southern Illinois University chapter of the national Christian Legal Society organization.

3.4 CLS at SIU is governed by a chapter constitution. A true and correct copy of the CLS at SIU Constitution is attached as Exhibit B.

3.5 Any student is welcome to participate in CLS at SIU meetings and other activities, regardless of religion, sexual orientation, or membership or non-membership in any other protected class. However, pursuant to the constitution and rules for CLS student chapters of the national Christian Legal Society, CLS at SIU requires its official voting members and officers to sign the national Christian Legal Society's Statement of Faith. The principal distinction between non-member attendees and members of CLS at SIU is that only members may vote for officers or stand for election as an officer.

3.6 CLS at SIU incorporates these officer and membership requirements into its chapter constitution. Specifically, CLS at SIU's Chapter Constitution provides:

> All members and officers of this Chapter must agree to and affirm the following Statement of Faith:
>
> Trusting in Jesus Christ as my Savior, I believe in:
>
> - One God, eternally existent in three persons, Father, Son and Holy Spirit.
> - God the Father Almighty, Maker of heaven and earth.
> - The Deity of our Lord, Jesus Christ, God's only Son conceived of the Holy Spirit, born of the virgin Mary; His vicarious death for our sins through which we receive eternal life; His bodily resurrection and personal return.
> - The presence and power of the Holy Spirit in the work of regeneration.
> - The Bible as the inspired Word of God.

Exhibit B, at p. 1.

3.7 CLS at SIU interprets its Statement of Faith to require that official members and officers adhere to orthodox Christian beliefs, including the Bible's prohibition of sexual conduct between persons of the same sex. A person who engages in homosexual conduct or adheres to the viewpoint that homosexual conduct is not sinful would not be permitted to become a member or serve as an officer of CLS at SIU. A person who may have engaged in homosexual conduct in the past but has repented of that conduct, or who has homosexual inclinations but does not engage in or affirm homosexual conduct, would not be prevented from becoming a member or serving as an officer. CLS at SIU's interpretation of its Statement of Faith is consistent with that of the Executive Committee of the Board of Directors of the Christian Legal Society as stated in a resolution of that body adopted on March 25, 2005 entitled "Membership Statement of Faith and Sexual Morality Standards," a true and correct copy of which is attached as Exhibit C.

3.8 The mission of CLS at SIU is to maintain a vibrant Christian law fellowship on the CLS at SIU campus which enables its members, individually and as a group, to fulfill the Christian mandate to love God and to love their neighbors as themselves. Exhibit B, at p. 1.

3.9 CLS at SIU believes that in order to achieve its mission, it must require its members and officers to sign and affirm its Statement of Faith, and endeavor to live their lives in a manner consistent with its principles.

3.10 Individuals who do not adhere to CLS at SIU's Statement of Faith are not eligible to be official members or officers. However, such persons are free to attend CLS at SIU meetings and other CLS at SIU events.

3.11 Southern Illinois University School of Law is a public law school located in Carbondale, Illinois, and is a division of Southern Illinois University.

3.12 Southern Illinois University School of Law permits students to form and register student organizations through the School of Law. A true and correct copy of the "SIU School of Law Registered Student Organizations 2004-2005" as of March 29, 2005 is attached as Exhibit D.

3.13 Recognition as a Southern Illinois University School of Law registered student organization conveys numerous substantial benefits and privileges. The rights, benefits and privileges that accompany registered status include, but are not limited to:

- Access to space on law school bulletin boards.
- Email access on the law school's List-Serve.
- Eligibility for certain funding through the School of Law.
- Access to storage space within the School of Law.
- Listings in official School of Law publications and on the law school's website.
- Use of University buildings, property and facilities for organization meetings and events.

A true and correct copy of the SIU School of Law "Student Organization Handbook," including a listing of the benefits of registered student organization status, is attached as Exhibit E.

3.14 Registration as a student organization at Southern Illinois University School of Law does not confer upon the organization, its policies, practices or views, the approval, sponsorship or endorsement of the School of Law. Nor does a student organization become an arm or division of Southern Illinois University School of Law itself as a result of such recognition.

RECENT DEVELOPMENTS

4.1 On or about February 16, 2005, Defendant Davis informed Winter Ramsey, the President of CLS at SIU, that the law school had received a complaint alleging that the chapter's membership and leadership policies were in violation of an alleged university policy requiring that all student organizations adhere to all appropriate federal or state nondiscrimination laws. Defendant Davis also informed Ramsey that she would attend the chapter's meeting at noon the next day, February 17, 2005, to speak with the chapter concerning its membership and leadership policies.

4.2 On the morning of February 17, 2005, prior to the chapter meeting, legal counsel for the chapter faxed to Defendant Davis a letter on behalf of CLS at SIU requesting that she not attend the chapter meeting of that date in order to provide the chapter an opportunity to discuss the matter. The letter also requested a response by facsimile or telephone to confirm that Defendant Davis would honor this request. Defendant Davis did not respond to this letter. A true and correct copy of counsel's letter to Defendant Davis is attached as Exhibit F.

4.3 Defendant Davis attended the chapter meeting of CLS at SIU on February 17, 2005, and demanded that the members provide her with a statement of the chapter's membership and leadership policies.

4.4 On February 25, 2005, Winter Ramsey emailed Defendant Davis concerning the chapter's membership and leadership policies. That email stated in pertinent part:

The SIU Chapter of Christian Legal Society has discussed and voted as to

what our membership policy is, our membership policy is below.

> All members of the national CLS, including student members, are required to sign a Statement of Faith. This Statement of Faith indicates the member holds certain Christian viewpoints that are commonly regarded as orthodox.
>
> Any student is welcome to participate in CLS chapter meetings and other activities, regardless of religion, creed, sexual orientation or member or non-membership in any other protected class. However, pursuant to the constitution and rules for CLS student chapters of the national CLS, members and officers are required to sign and endeavor to live by the national CLS' Statement of Faith.
>
> CLS interprets its Statement of Faith to require that officers and members adhere to orthodox Christian beliefs, including the Bible's prohibition on sexual conduct between persons of the same sex. A person who engages in homosexual conduct or adheres to the viewpoint that homosexual conduct is not sinful would not be permitted to serve as a CLS chapter officer or member. A person who may have engaged in homosexual conduct in the past but has repented of that conduct, or who has homosexual inclinations but does not engage in or affirm homosexual conduct, would not be prevented from serving as an officer or member.

A true and correct copy of Winter Ramsey's email to Defendant Davis dated February 25, 2005 is attached as Exhibit G.

4.5 On March 25, 2005, citing the membership and leadership policies of CLS at SIU as described in Winter Ramsey's email to Defendant Davis, Defendant Alexander revoked the registered student organization status of CLS at SIU. Defendant Alexander stated that the chapter's policies violated the "Southern Illinois University-Carbondale Affirmative Action/Equal Employment Policy" and a Policy of the Southern Illinois University Board of Trustees requiring that all recognized student organizations "adher[e] to all appropriate federal or state laws concerning nondiscrimination and equal opportunity." A true and correct copy of Defendant Alexander's letter to Winter Ramsey

Case 4:05-cv-04070-GPM-PMF Document 1-1 Filed 04/05/2005 Page 9 of 17

is attached as Exhibit H.

4.6 The first time any of the Defendants, their agents or employees informed CLS at SIU that its membership and leadership policies were subject to the "Southern Illinois University-Carbondale Affirmative Action/Equal Employment Opportunity Policy" was in Defendant Alexander's letter to Winter Ramsey dated March 25, 2005, revoking CLS at SIU's status as a registered student organization.

4.7 CLS at SIU does not employ anyone and has no employment policies.

4.8 The membership and leadership policies of CLS at SIU do not violate any federal or state laws concerning nondiscrimination and/or equal opportunity.

4.9 In revoking the registered student organization status of CLS at SIU, Defendant Alexander specifically revoked certain of the benefits afforded the chapter because of its status as a registered student organization, stating:

> As a result of your student organization's noncompliance with University policy, the SIUC Chapter of the Christian Legal Society is no longer a recognized student organization at the SIU School of Law. Effective immediately, your group will no longer be permitted to have a bulletin board in the School of Law's Lesar Law Building and your organization will be removed from the School of Law's web-site and in all future School of Law publications where student organizations are listed. You must cease referring to your organization as the "SIUC Chapter of" the Christian Legal Society so that you do not mislead the public about your affiliation.

Defendant Alexander also stated that the chapter would be required to schedule its meetings in School of Law classrooms in advance, but would be required to pay the Auditorium Rental Fee applicable to outside groups if it wished to use the SIU School of Law Auditorium. Defendant Alexander also rescinded Professor Cindy Buys' status as the faculty adviser for CLS at SIU. Exhibit H, p. 2.

Case 4:05-cv-04070-GPM-PMF Document 1-1 Filed 04/05/2005 Page 10 of 17

4.10 On or about March 29, 2005, and as a result of Defendant Alexander's revocation of CLS at SIU's registered student organization status, Defendant Davis informed Winter Ramsey that she must remove any CLS at SIU items or advertisements from the bulletin boards in the Lesar Law Building by Friday, April 1, 2005.

4.11 Southern Illinois University School of Law has no policy prohibiting many or all remaining registered student organizations at the Southern Illinois University School of Law from requiring that their members and/or leaders agree with the organization's beliefs and purposes. The SIU Law School Republicans and Law School Democrats may require that their members and/or officers be registered Republicans or Democrats or agree with their party's platform, the Student Animal Legal Defense Fund remains free to require that its members and/or officers agree with its positions on the legal rights of animals, and the Lesbian and Gay Law Students and Supporters may require that its members and/or officers favor same-sex marriage laws, same-sex partner benefits or other legal rights and protections for homosexual persons. However, CLS at SIU is prohibited from requiring that its voting members and officers affirm its Statement of Faith and endeavor to live their lives in accordance with its principles.

4.12 All acts of the Defendants, their officers, agents, servants, employees, or persons acting at their behest or direction herein alleged, were done and are continuing to be done under the color of state law, including the statutes, regulations, customs, policies and usages of the State of Illinois, and pursuant to policies and/or customs established by Southern Illinois University and/or Southern Illinois University-Carbondale through Defendants.

4.13 Unless and until the Defendants are enjoined from denying registered student organization status and its attendant benefits and privileges to CLS at SIU on the basis of its religious membership and leadership policies, CLS at SIU and its members will suffer and continue to suffer irreparable harm to their First and Fourteenth Amendment rights.

COUNT I

FREEDOM OF EXPRESSIVE ASSOCIATION
UNITED STATES CONST. AMEND. I

5.1 CLS at SIU restates and realleges each allegation set forth in paragraphs 1.1 through 4.13 as if set forth verbatim herein.

5.2 By revoking CLS at SIU's status as a registered student organization and the rights, benefits and privileges attendant thereto on the basis of CLS at SIU's membership and leadership policies, Defendants have violated and will continue to violate the right to freedom of expressive association guaranteed to CLS at SIU and its members by the First Amendment to the United States Constitution and made applicable to the states and their political subdivisions by the Fourteenth Amendment.

COUNT II

FREE SPEECH
UNITED STATES CONST. AMEND. I

6.1 CLS at SIU restates and realleges each allegation set forth in paragraphs 1.1 through 5.2 as if set forth verbatim herein.

6.2 By revoking CLS at SIU's status as a registered student organization and the rights, benefits and privileges attendant thereto on the basis of CLS at SIU's

Case 4:05-cv-04070-GPM-PMF Document 1-1 Filed 04/05/2005 Page 12 of 17

membership and leadership policies, Defendants have violated and will continue to violate the right to free speech guaranteed to CLS at SIU and its members by the First Amendment to the United States Constitution and made applicable to the states and their political subdivisions by the Fourteenth Amendment.

## COUNT III

### ESTABLISHMENT CLAUSE
### UNITED STATES CONST. AMEND. I

7.1 CLS at SIU restates and realleges each allegation set forth in paragraphs 1.1 through 6.2 as if set forth verbatim herein.

7.2 By revoking CLS at SIU's status as a registered student organization and the rights, benefits and privileges attendant thereto on the basis of CLS at SIU's membership and leadership policies, Defendants have violated and will continue to violate the Establishment Clause of the First Amendment to the United States Constitution and made applicable to the states and their political subdivisions by the Fourteenth Amendment by acting with the purpose or effect of favoring some religious beliefs over others, and/or by favoring non-religious student organizations over religious student organizations, by acting with the purpose or effect of inhibiting religious beliefs and practices, by excessively entangling themselves with religion, and by violating CLS at SIU's right of institutional autonomy as a religious organization.

Case 4:05-cv-04070-GPM-PMF Document 1-1 Filed 04/05/2005 Page 13 of 17

COUNT IV

FREE EXERCISE CLAUSE
UNITED STATE CONST. AMEND I

8.1 CLS at SIU restates and realleges each allegation set forth in paragraphs 1.1 through 7.2 as if set forth verbatim herein.

8.2 By revoking CLS at SIU's status as a registered student organization and the rights, benefits and privileges attendant thereto on the basis of CLS at SIU's membership and leadership policies, Defendants have violated and will continue to violate the right to free exercise of religion guaranteed to CLS at SIU and its members by the First Amendment to the United States Constitution and made applicable to the states and their political subdivisions by the Fourteenth Amendment.

COUNT V

EQUAL PROTECTION CLAUSE
UNITED STATES CONST. AMEND. XIV

9.1 CLS at SIU restates and realleges each allegation set forth in paragraphs 1.1 through 8.2 as if set forth verbatim herein.

9.2 By revoking CLS at SIU's status as a registered student organization and the rights, benefits and privileges attendant thereto on the basis of CLS at SIU's requirement that its voting members and officers affirm its Statement of Faith and endeavor to live in accordance with its principles, while extending registered status to other non-religious student organizations without regard to whether they require their members and/or officers to affirm the organizations' beliefs and purposes, Defendants have denied and will continue to deny the equal protection of the laws guaranteed to CLS

at SIU and its members as a religious association by the Fourteenth Amendment to the United States Constitution.

COUNT VI

DUE PROCESS CLAUSE
UNITED STATES CONST. AMEND. XIV

10.1 CLS at SIU restates and realleges each allegation set forth in paragraphs 1.1 through 9.2 as if set forth verbatim herein.

10.2 By revoking CLS at SIU's status as a registered student organization and the rights, benefits and privileges attendant thereto on the basis of CLS at SIU's membership and leadership policies without notice that the University's Affirmative Action/Equal Employment Opportunity policy applies to it and without notice of any applicable federal or state nondiscrimination laws animating the Board of Trustees policy, Defendants have denied and will continue to deny the right of due process guaranteed to CLS at SIU and its members by the Fourteenth Amendment to the United States Constitution.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff CLS at SIU respectfully requests that this Court order the following relief:

(1) A declaration that Defendants' revocation and denial of CLS at SIU's registered student organization status and its attendant rights, benefits and privileges on the basis of CLS at SIU's policies requiring that its members,

leaders and officers affirm and endeavor to live in accordance with its Statement of Faith violates the United States Constitution;

(2) A preliminary and permanent injunction enjoining Defendants from denying to CLS at SIU registered student organization status on the basis of CLS at SIU's policies requiring that its members, leaders and officers affirm and endeavor to live in accordance with its Statement of Faith; and prohibiting Defendants, their employees, officers, employees and agents, and all persons acting by and through them, from withholding the rights, privileges, benefits, or incidents of registered status from Plaintiff and similarly situated organizations and from retaliating against Plaintiff and its members directly or indirectly for exercising their constitutional rights;

(3) An award of reasonable costs and attorneys' fees incurred by Plaintiff in prosecuting this action pursuant to 42 U.S.C. § 1988;

(4) That this Court retain jurisdiction over this case for the purposes of enforcement of any order; and

(5) Such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted this 4th day of April, 2005.

David O. Edwards (IL Bar No. 6229192)
Giffin, Winning, Cohen & Bodewes, P.C.
One West Old State Capitol Plaza, Suite 600
Springfield, Illinois 62701
Tel: (217) 525-1571
Fax: (217) 525-1710

Case 4:05-cv-04070-GPM-PMF Document 1-1 Filed 04/05/2005 Page 16 of 17

Steven H. Aden, Esq. (DC Bar No. 466777)
*(Lead Counsel)*
Gregory S. Baylor, Esq. (TX Bar No. 1941500)
Michael Casey Mattox, Esq. (VA Bar No. 47148)
Religious Liberty Advocates
of the Christian Legal Society
4208 Evergreen Lane, Suite 222
Annandale, VA 22003-3264
Tel: (703) 642-1070
Fax: (703) 642-1075
*(Pro Hac Vice Admissions Pending)*

Of Counsel:

Benjamin W. Bull, Esq. (AZ Bar No. 009940)
Gary S. McCaleb, Esq. (AZ Bar No. 018848)
Alliance Defense Fund
15333 North Pima Road, Suite 165
Scottsdale, AZ 85260
Tel: (800) 835-5233
Fax: (480) 444-0025

Counsel for Plaintiff Christian Legal Society Chapter at Southern Illinois University School of Law

Case 4:05-cv-04070-GPM-PMF Document 1-1 Filed 04/05/2005 Page 17 of 17

VERIFICATION

I, Winter Ramsey, a citizen of the United States and a resident of the State of Illinois, am President of the Christian Legal Society Chapter of Southern Illinois University School of Law, a/k/a CLS at SIU. I have read the foregoing Verified Complaint for Declaratory and Injunctive Relief and declare under penalty of perjury under the laws of the United States of America that the foregoing factual averments are true and correct to the best of my knowledge and belief.

Christian Legal Society Chapter at Southern Illinois University School of Law, a/k/a CLS at SIU

Winter Ramsey
President, CLS at SIU